**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CENTRAL PRESS OF CALIFORNIA, Respondent.**

**No. 74–2689.**

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1975.

---

David Miller, N.L.R.B., San Francisco, Cal., for petitioner.

Samuel L. Holmes, Angell, Adams & Holmes, San Francisco, Cal., for respondent.

## OPINION

Before WRIGHT and CHOY, Circuit Judges, and TAYLOR, Senior District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

The Board found that respondent violated sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act by discharging an employee because he sympathized with and worked on behalf of a union. The Board order issued May 21, 1974 is reported at 210 NLRB No. 113.

Respondent urges this court to remand the case for a new evidentiary hearing because (1) the Administrative Law Judge was biased and (2) the Board allegedly did not consider one of the defenses raised by the respondent. We reject both contentions and enforce the Board order in full.

Neither the Administrative Law Judge's determinations of credibility adverse to respondent nor his questions to witnesses support respondent's allegation of judicial bias. See N.L.R.B. v. Pittsburgh Steamship Co., 337 U.S. 656, 659–60, 69 S.Ct. 1283, 93 L.Ed. 1602 (1949); N.L.R.B. v. Air Flow Sheet Metal, Inc., 396 F.2d 506, 508 (7th Cir. 1968).

Respondent's second argument for remand is that the Board did not specifically consider a defense it offered to the unlawful discharge. Respondent asserted before the Administrative Law Judge and the Board that the employee's discharge was for good cause. The Administrative Law Judge found that this was not "the sole or controlling reason." (C.T. 5). While the Board decision did not specifically refer to this assertion, it too considered it and there is no need to remand.

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

The Board noted that the general counsel had established a prima facie case of an unfair labor practice. It then said that such a case can be "overcome only by a preponderance of competent, credible rebutting evidence. But respondent has not sustained its burden of going forward to adduce such proof." 210 NLRB No. 113 (slip op. at 3).

While it is regrettable that the Board did not refer directly to the evidence of discharge for cause, the above statement indicates it examined *all* the evidence, including the allegation of discharge for cause, before affirming the decision of the Administrative Law Judge. If there were any doubt about the scope of the evidence considered by the Board at this time, it was entirely removed when the Board denied respondent's motion for reconsideration which had raised as its sole contention the Board's alleged failure to consider the assertion that the discharge was for good cause.

Moreover, even if we were unsure whether the Board considered this assertion, we would enforce the order because the Board found that anti-union sentiment had at least partially motivated the discharge. This finding is supported by substantial evidence and we will not disturb it. *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). This is especially so where, as here, the finding is based on determinations of credibility and the drawing of reasonable inferences from the evidence. *See, e. g., N.L.R.B. v. Big Three Industries, Inc.,* 497 F.2d 43, 49 (5th Cir. 1974).

This court has said in a similar situation:

> [A]lthough justifiable grounds may abound, a discharge is unlawful even if it is "*partially* motivated by the employee's protected activity . . . ."
> *N.L.R.B. v. Ayer Lar Sanitarium,* 9 Cir. 1970, 436 F.2d 45, 50 (emphasis supplied).

*N.L.R.B. v. Big Three Industries, Inc., supra,* at 49. Respondent's assertion, therefore, that the employee was discharged for good cause, even if accepted

as an additional reason for the discharge, does not overcome the finding of anti-union motivation.

The order of the Board will be enforced.